## MOORE v. CITY OF LEHIGH, OKL.
### No. 92.

District Court, E. D. Oklahoma.
July 3, 1939.

J. Berry King and George J. Fagin, all of Oklahoma City, Okl., for plaintiff.

M. D. Green, of Oklahoma City, Okl., George T. Ralls, of Coalgate, Okl., and Benjamin & Richard Martin, of Muskogee, Okl., for defendant.

RICE, District Judge.

The defendant has filed a motion to dismiss and to quash the return of the alias summons issued herein for the reason that it was not served in the manner provided by Rule 4, sub-paragraph (d) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and on the further ground that the return failed to show service of a copy of the complaint. An examination of the files and the evidence of the marshal show the following pertinent facts as to the summons and service thereof.

The original summons in this cause was served by the marshal on the 21st day of April, 1939. The return on the original summons is as follows: "I hereby certify and return that on the 21st day of April, 1939, I received the within summons 4/21/39 and served Dan Farmer personally at his regular place of abode at Lehigh, Oklahoma, with a true copy of this summons."

Thereafter the defendant, city of Lehigh, filed a motion to quash the return of summons for the reason that it was not served in the manner provided by Rule 4, sub-paragraph (d) (6), Federal Rules of Civil Procedure. On May 16, 1939, prior to any action of the Court on the motion to quash theretofore filed by the defendant, the attorney for the plaintiff filed a praecipe with the clerk for an alias summons. The alias summons was issued by the clerk and served by the marshal on the 16th day of May, 1939, and the return shows that the alias summons was served by delivering a true copy to Dan Farmer, Mayor of Lehigh, Oklahoma. The return of the alias summons does not state that a copy of the complaint was served with the alias summons and it is admitted that no copy of the complaint was served with the alias summons.

On June 5, 1939, the first motion, filed by the defendants, came on for a hearing and the minutes of the proceedings had on that date disclose that the motion to dismiss was overruled but an order was made quashing the first summons and service for the reason that the plaintiff relied upon the alias summons. The next day, June 6, the defendant filed its motion to quash the alias summons. Attached to the motion to quash the alias summons was the affidavit of Dan Farmer to the effect that he is the Mayor of the city of Lehigh, Oklahoma, and was such on the 16th day of May, 1939, when a copy of the alias summons

was left with him. The testimony of the marshal is that a copy of the complaint was served with the original summons.

The original summons and the service thereof was good. Why the plaintiff elected to stand on the alias summons and did not ask to amend the return of the original summons to comply with the facts and in accordance with Rule 4, sub-division (h), Federal Rules of Civil Procedure is not disclosed.

The Rules of Federal Procedure do not deal specifically with the service of an alias summons. The rules do require that the summons and complaint shall be served together. When a copy of the complaint was served with the original summons and received by the identical person who was served with the alias summons, the return showing that he was served in his official capacity, no good purpose could be served by delivering to this same person a second copy of the complaint. The purpose of the new rules is to avoid technicalities. In view of the fact that the evidence and records show the first summons was in fact properly served and that the man upon whom the alias summons was served actually received a copy of the complaint, the position of the defendant is highly technical and we think without merit.

For the foregoing reasons the motion to dismiss and the motion to quash the return of the alias summons is overruled.